(Lucas County Common Pleas.)
Decided March 20, 1899.

## ALEXIS C. BURDWICK v. ISAAC N. SHAW et al.

B. died intestate, and the owner of real estate in this state which came to him by descent from his father. He left surviving him neither widow nor children nor brothers nor sisters, nor parents. Held: that the estate passed to the brothers and sisters of the father or their legal representatives, whether such brothers and sisters are of the whole or half blood of the father.

---

PUGSLEY, J.

This is an action of partition, and is before the court on a demurrer to the answer and cross-petition of the defendants, Irving Coon and others. The parties to the suit claim to be the heirs at law of one Rufus C. Baker, who died intestate on February 3, 1898, and was at the time of his death the owner of the real estate described in the petition. This real estate came to said Rufus C. Baker by descent from his father, Wm. Baker. The said Rufus C. Baker left surviving him neither widow nor children nor brothers nor sisters nor parents. The plaintiff is a son of a deceased sister of the said Wm. Baker of the whole blood. The cross-petitioners are children of a deceased sister of the said Wm. Baker of the half-blood. The question presented by the demurrer is whether the children of the deceased sister of the half-blood of said Wm. Baker have inherited any interest in said real estate. The answer to this question depends upon the proper construction of sec. 4158, Revised Statutes, which section regulates the descent of real property which has come to the intestate by descent, devise or deed of gift from an ancestor. In this case, under subdivision 5 of said section, the real estate of Rufus C. Baker upon his death passed to and vested in the children of the brothers and sister of Wm. Baker, the ancestor. The language of said subdivision is as follows: "The estate shall pass to and vest in the brothers and sisters of such ancestor, or their legal representa-

tives, and for want of such brothers and sisters or their legal representations, to the brothers and sisters of the half-blood of the intestate or their legal representatives, though such brothers and sisters are not of the blood of the ancestor from whom the estate came."

Under this statute the half-brothers and sisters of the ancestor cannot inherit at all unless they are included in the words "brothers and sisters of the ancestor", because it is expressly provided that for want of such brothers and sisters of the ancestor or their legal representatives the estate shall pass not to the half-brothers and sisters of the ancestor, but to the half-brothers and sisters of the intestate.

In this respect, as well as in other respects, sec. 4158, R. S., differs from sec. 4162, R. S., which was construed by the supreme court in Stembel v. Martin, 50 Ohio St., 495, and upon which decision counsel for plaintiff rely.

The question then is, whether, under sub. 5, of sec. 4158, R. S., the half-brothers and sisters of the ancestor are included in the words, "brothers and sisters of the ancestor", and so inherit equally with the brothers and sisters of the ancestor of the whole blood.

It seems to me that this question was decided in Cliver v. Sanders, 8 Ohio St., 502. The syllabus is as follows:

"Under the fourth subdivision of the first section of the statute of descents of 1835, the half-brothers and sisters are included in the words 'brothers and sisters of such ancestor', and are preferred to the brothers and sisters of the intestate of the half-blood, who are not of the blood of the ancestor from whom the estate came". The intestate in this case was James S. Cliver. The property in question came to him by descent from his mother, Keziah Cliver. One David Shumard was the half-brother of the mother, and he claimed the property. The other claimants were the half-brothers and sisters of the intestate, who were not of the blood of his mother.

After quoting the statute of 1835, which so far as any question here is concerned, is precisely the same as sec. 4158, R. S., and after referring to numerous decisions, Judge Swan, delivering the opinion of the court, says, page 507: "Under the decisions above referred to, half-brothers of an ancestor are included in and designated by 'brothers', wherever that term is used without limitation. We do not perceive anything in the terms or context of the statute under consideration to control or limit this general meaning. To limit the words of the fourth subdivision to brothers and sisters of the ancestor of the whole-blood would not be in accordance with the presumptive intention of the legislature". There is a full discussion of the subject in the opinion, but I will not take the time to read further.

Under this decision a decree was entered in favor of David Shumard, the half-brother of the mother. The only reason which is urged against this case as an authority, is the fact that there was no brother or sister of the ancestor of the whole-blood, or a legal representative of such brother or sister, as there is here. But the ground upon which the half-brother inherited was that he was included in the words "brothers and sisters of the ancestor". If he was not so included, there being no brothers and sisters of the whole-blood, then the estate under the statute would go to the half-brothers and sisters of the intestate. The half-brother of the ancestor being a brother of the ancestor within the meaning of said subdivision five, it necessarily follows that all brothers and sisters inherit equally whether of the whole-blood or the half-blood, and not one to the exclusion of the other, nor one in preference to the other. This decision was followed in White v. White, 19 Ohio St., 531.

A reference to these decisions seems to be all that is necessary. But counsel for plaintiff rely upon Stembel v. Martin, 50 Ohio St., 495. This case involved the construction of the supplementary act of April 11, 1877, which is now embraced in sec. 4162, R. S., and which reads as follows: "When any person, the relict of any deceased husband or wife, shall die intestate and without issue, possessed of any real estate or personal property which came to such intestate from any former deceased husband or wife under the provisions of the second section of the act, to which this act is supplementary, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from whom such personal or real estate came or their personal representatives."

It was held by a majority of the court (two judges dissenting) that "upon the death of the relict without issue and intestate, seized of the property, it descends under sec. 4162, R. S., one-half to the brothers and sisters of the whole blood of the former deceased husband or wife or their representatives, if there be such, and if not, then to those of the half-blood and their representatives, and the other half to the brothers and sisters of the deceased relict and their representatives, in the like order, and that such property has descended in the same way since the passage of the supplemental act of April 11, 1877."

It was the opinion of a majority of the court that property which has come

to the relict of a deceased husband or wife under the 2nd section of the act of April 17, 1857 (now sec. 4159, R. S.), is non-ancestral in its character, and that the one-half which by the supplementary act of 1877 goes to the brothers and sisters of the deceased husband or wife, passes according to the rules of descent governing non-ancestral property, first to the brothers and sisters of the whole-blood, and if there are none, then to the brothers and sisters of the half-blood, especially as the supplementary act does not in itself provide a complete scheme of descent.

But it was assumed by all the judges, both the majority and minority, that in sec. 4158, R. S., which regulates the descent of ancestral property, the words "brothers and sisters" wherever used include both those of the half-blood and those of the whole-blood.

This decision does not in any way qualify Cliver v. Sanders, nor change the well settled construction of sec. 4158, R. S., as to the descent of ancestral property.

The demurrer is therefore overruled.

Waite & Snider, for Plaintiff.

Musser & Kobler, for Defendants.